KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

Attorneys for Defendant
Amazon.com Services LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| GABRIEL P. MORRIS, individually,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Foreign Limited-Liability Company; DOES 1 through 20; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br><br>**NOTICE OF REMOVAL** |

Defendant Amazon.com Services LLC ("Amazon"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Second Judicial District Court for Washoe County, Nevada to the United States District Court for the District of Nevada, unofficial Northern Division, based on diversity of citizenship and amount in controversy. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

KAEMPFER
CROWELL

## I.    INTRODUCTION

Plaintiff Gabriel P. Morris ("Plaintiff") filed this action on October 16, 2025, in the Second Judicial District Court in Washoe County, Nevada, Case Number CV25-02495. (*See* Ex. A, Docket (last accessed November 12, 2025)). Plaintiff filed an amended complaint on October 28, 2025. (*See id.*)

Plaintiff alleges that rechargeable insoles (the "Product") he purchased from Amazon's store caused him severe injuries including burns to his right foot. (Ex. B, Am. Compl. ¶¶ 8–10). He alleges the injuries caused him substantial pain, suffering, emotional distress, medical expenses, lost wages, loss of earning capacity, need for future care, and other damages." (*Id*. at ¶ 11). Plaintiff asserts claims against Amazon for Strict Products Liability, Negligence, Breach of Implied Warranty, Violation of Nevada Deceptive Trade Practices Act (NRS 598), and Negligent Infliction of Emotional Distress. (*Id*. at ¶¶ 21–44).

## II.    REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed, and complete diversity must exist at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)); *Grancare, LLC*, 889 F.3d at 548 ("Diversity

**KAEMPFER**

**CROWELL**

removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

Plaintiff is a resident and citizen of Nevada. (Ex. B, Am. Compl. ¶ 1).

Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.

The various Doe and Roe defendants do not affect jurisdiction because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (noting "[t]he citizenship of fictitious defendants is disregarded for removal purposes" and affirming finding of diversity); *see also, Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[T]his Court joins the other courts within this District in finding that the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand . . . ").

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

KAEMPFER

CROWELL

## B.     The amount in controversy exceeds $75,000.

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of removal and the Court may use its judicial experience and common sense in determining if a case meets the federal jurisdictional requirements. *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). It may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the "complaint does not claim a specific amount in damages." *Id*.

Plaintiff alleges "severe injuries including burns to Plaintiff's right foot," causing him "substantial pain, suffering, emotional distress, medical expenses, lost wages, loss of earning capacity, need for future care, and other damages." (Ex. B, Am. Compl. ¶¶ 10–11). He seeks "[g]eneral and specific damages for pain and suffering"; [s]pecial damages including past and future medical expenses and lost wages"; and [d]amages for emotional distress." (*Id*. at p. 7 (Prayer for Relief)). Considering the injuries he contends he incurred, it is apparent from the face of Plaintiff's complaint that his total requested damages likely exceed $75,000. *See Ballard v. Best Buy Stores, L.P.*, No. 2:14-CV-2058-JCM-PAL, 2015 WL 357112, at *3 (D. Nev. Jan. 27, 2015) (denying plaintiff's motion to remand and finding it appeared likely that plaintiff's total requested damages exceeded $75,000 where

KAEMPFER

CROWELL

Page 4 of 7

she characterized her injuries as permanent and disabling and requested multiple categories of past and future damages). Plaintiff's counsel has confirmed to Amazon's counsel that Plaintiff seeks in excess of $75,000 in damages in this case.

**C.     Removal is timely.**

This notice is timely. The Complaint was served upon Amazon on October 17, 2025, so the thirty-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

## III.   VENUE AND NOTIFICATION TO STATE COURT

**A.     This Court is the appropriate venue for this action.**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Northern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

**B.     Amazon is providing notice to the state court.**

A copy of this Notice of Removal is being served on all parties and filed with the Second Judicial District Court of Washoe County, Nevada, where this case was originally filed.

**C.     Pleadings in the state court action are included.**

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (*See* Ex. B).

KAEMPFER
CROWELL

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorneys for Defendant
Amazon.com Services LLC

KAEMPFER

CROWELL

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **NOTICE OF REMOVAL** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

RICHARD HARRIS LAW FIRM
Johnathan Leavitt
6900 S. McCarran Blvd., #1010
Reno, Nevada 89509
jleavitt@richardharrislaw.com

Attorney for Plaintiff

DATED: November 14, 2025          */s/ Morganne Westover*
                                  An employee of Kaempfer Crowell

KAEMPFER
CROWELL